# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF: | No. 69489-8-I |
| | DIVISION ONE |
| FERNANDO CHIRINOS, | UNPUBLISHED OPINION |
| Petitioner. | FILED: SEP 2 3 2013 |

PER CURIAM. Ferdinand Chirinos filed a personal restraint petition

challenging the judgment and sentence imposed following a jury trial for

residential burglary, first degree extortion, forgery, first degree kidnapping, second

degree escape and second degree attempted robbery in King County Superior

Court No. 09-1-03781-0 SEA. In an order dated June 18, 2013, this court

dismissed Chirinos's claims that: (1) the convictions for first degree extortion and

first degree kidnapping violate double jeopardy; (2) the evidence was insufficient

to convict him of first degree kidnapping; and (3) the State committed misconduct

by misstating the law regarding first degree kidnapping. The sole remaining issue

is Chirinos's claim that his offender score was miscalculated. The State concedes

that Chirinos's offender score is erroneous. We accept the State's concession

of error and remand for further proceedings consistent with this opinion.

In the judgment and sentence, Chirinos's offender score is listed as "9+". The State listed the following convictions and events in calculating the offender score:

- two counts of forgery in King County Superior Court No. 07-1-07571-9
- second degree identity theft in King County Superior Court No. 08-1-07400-1
- second degree theft in King County Superior Court No. 08-1-02108-1
- possession of a stolen vehicle in King County Superior Court No. 09-1-03717-1
- violation of the Uniform Controlled Substance Act (VUCSA) in Thurston County Superior Court No. 08-1-01218-6
- on community placement at the time of the instant offenses

The State now concedes that Chirinos is entitled to resentencing because his offender score should have been 8 for the residential burglary, forgery and second degree escape convictions and 10 for the first degree extortion, first degree kidnapping and attempted second degree robbery convictions. The State bases this concession on a determination that: (1) Chirinos was not actually on community custody at the time of the offenses; (2) the conviction for second degree theft (a felony) was actually a conviction for attempted second degree theft (a misdemeanor); (3) the VUCSA charge was dismissed; and (4) the two counts of forgery should have been considered the same criminal conduct.

The State's concession is well taken. The personal restraint petition is accordingly granted and the case will be remanded for resentencing based on a correct offender score.

No. 69489-8-I/3

For the court:

_Becker, J._

_Grosse, J._

_Schindler, J._

3